**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION | MDL 2724<br>16-MD-2724<br>HON. CYNTHIA M. RUFE |
| THIS DOCUMENT RELATES TO:<br><br>*Providence St. Joseph Health, et al., v. Actavis Holdco U.S., Inc., et al.* | Civil Action Nos.<br><br>5:23-cv-03636-CMR |

**HOSPITAL DIRECT ACTION PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO SPECIAL MASTER STENGEL'S REPORT AND RECOMMENDATION RESOLVING DEFENDANTS' SECOND MOTION TO COMPEL HOSPITALS**

Hospital Direct Action Plaintiffs ("Hospital DAPs") submit this response[1] to Defendants' Objection to Special Master Stengel's Report and Recommendation Resolving Defendants' Second Motion to Compel Hospitals, ECF No. 5005[2] ("Objection" or "Obj."). In their Second Motion to Compel Hospital DAPs, ECF No. 4558 ("Second Motion"), Defendants sought extensive custodial collections across dozens of document requests, sweeping broadly throughout Hospital DAPs' internal and external communications and covering numerous functions and areas

[1] Hospital DAPs note a clarification regarding the timing of this Response. In preparing this filing, Hospital DAPs initially relied on Local Rule 7.1(d), which has been superseded by PTO 334. PTO 334 provides ten days to respond to an objection, resulting in a September 21, 2026 deadline. On September 20, in connection with a proposed stipulation for the limited extension of fact discovery deadlines in this matter, Hospital DAPs expressly advised Defendants that they intended to file their Response to Defendants' Objection on September 24, 2026, the date they believed it was "due." *See* Exhibit A (draft stipulation) at 3, n.2; *see also* Exhibit B (cover email). Defendants did not object to that timing, identify any concern regarding the applicable deadline, or otherwise indicate that they intended to assert a timeliness objection. Instead, as Hospital DAPs were preparing this Opposition for filing today, Defendants filed their "Notice of Non-Opposition to Defendants' Objection" (ECF No. 5039). Defendants' silence in the face of Hospital DAPs' express notice of their intended filing date is particularly notable given that Defendants now seek to rely on the deadline they previously declined to raise. Moreover, PTO 334 also provides: "Before filing motions for the resolution of nondispositive matters, the parties . . . shall meet and confer to attempt a resolution." (ECF 4219 ¶ 2). Defendants failed to do so. In light of these events, Hospital DAPs respectfully request that the Court consider this Opposition on the merits.

[2] Unless otherwise indicated, "ECF No. __" refers to docket entries in *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, No. 2:16-md-2724 (E.D. Pa.).

of their operations. In his Report and Recommendation, ECF No. 4962 ("Second R&R" or "R&R"), Special Master Stengel expressly rejected the broad custodial collections sought by Defendants and instead recommended that Hospital DAPs undertake narrowly tailored email collections focused on discrete issues and limited to "one key custodian" per Hospital DAP, resulting in more than 100 custodians across the Hospital DAP group. R&R at 6.

In their Objection, Defendants seek to drastically expand the scope of the custodial discovery by demanding multiple custodians per Hospital DAP. Defendants characterize their Objection as both "narrow" and "non-controversial." Obj. at 1. It is neither. The Objection goes to the crux of the issues the parties briefed and argued before Special Master Stengel in connection with the Second Motion and, if sustained, would effectively undo the carefully drawn limitations the Special Master imposed on Defendants' requested custodial discovery. The Court should therefore overrule the Objection and adopt the Report and Recommendation, ECF No. 4962, including the proposed order, ECF No. 4962-1, as recommended.

## I. PROCEDURAL OBJECTIONS SUCH AS THIS ARE REVIEWED FOR ABUSE OF DISCRETION

Though Defendants' Objection is silent as to the applicable standard of review, Defendants have recognized in other filings within this MDL that the Special Master's procedural rulings may be set aside "only for an abuse of discretion." Fed. R. Civ. P. 53(f)(5); ECF No. 2144 at 1 (arguing on sur-reply that the States' objections to Special Master Marion's Twelfth Report and Recommendation ordering the production of documents should be rejected where no abuse of discretion was established). Special Master Stengel's Second R&R concerning the extent of custodial collections constitutes a procedural ruling and can only be reviewed for an abuse of discretion. *See Johnson v. SmithKline Beecham Corp.*, No. CV 11-5782, 2019 WL 4233629, at *1 (E.D. Pa. Feb. 14, 2019) (applying Rule 53(f)(5)'s abuse of discretion standard to review the

Special Master's report and concluding that the proposed document collection procedure was "fair and efficient").

## II. THE SPECIAL MASTER DELIBERATELY LIMITED DEFENDANTS' CUSTODIAL DISCOVERY TO ONE KEY CUSTODIAN PER HOSPITAL DAP

Defendants' Second Motion sought extensive custodial collections spanning the entire time period Defendants define as relevant—more than a decade—across numerous document requests. With respect to Request Nos. 2, 3, 6, and 7 (the "Distribution Purchase Agreements" requests), Defendants sought broad custodial discovery concerning informal pricing email communications, draft agreements, and negotiation-related correspondence, both internal and external. Defendants likewise sought broad custodial discovery in response to Request Nos. 8, 9, 10, and 11 (the "Formal Requests for Proposals and Responses" requests) including internal and external email-based pricing communications. After considering the parties' competing positions, the Special Master expressly rejected Defendants' overbroad demands for extensive custodial discovery with respect to these requests. R&R at 6-8.

As to the "Distribution Purchase Agreements" requests, Special Master Stengel determined that "internal communications leading up to the ultimate finalization of the various agreements" were "overly broad" because "what the Hospitals actually ordered/paid would be a function of final agreements," which the Hospital DAPs already agreed to produce. *Id.* at 6. Special Master Stengel found only that external communications with Group Purchasing Organizations ("GPOs") that relate to drug-purchases "seem to be relevant" and recommended that each Hospital DAP identify "one key custodian" per Hospital DAP involved in such communications. Critically, Special Master Stengel explained that this limitation was intended to identify responsive communications "***without engaging in an unfettered expedition through each Hospital's emails across numerous custodians***." *Id.* (emphasis added).

With respect to the "Formal Requests for Proposals and Responses" requests, Special Master Stengel acknowledged that Hospital DAPs had already agreed to produce these documents through which Hospital DAPs selected suppliers and negotiated pricing. *Id.* at 7. The Special Master further recognized that the "custodial request for informal, email-based pricing communications is burdensome." *Id.* Special Master Stengel credited Hospital DAPs' explanation that they purchase largely through GPOs, a distinction that sets Hospital DAPs apart from other plaintiffs in the MDL and bears on the appropriate scope of discovery concerning pricing communications. Although the Special Master was sympathetic to Defendants' position that the general subject matter of the requests was relevant, he again indicated he was "***reluctant to recommend broad production of an untold number of email custodians***." *Id.* (emphasis added). While recognizing that Defendants should be permitted to obtain some relevant information concerning communications with GPOs, he likewise limited any custodial production to the "one key custodian" identified in connection with his recommendation on the "Distribution Purchase Agreements" requests. *Id.* at 7-8.

In short, Special Master Stengel's recommendation that each of Hospital DAPs' searches be limited to one key custodian reflected a deliberate balancing of the limited relevance of the information sought against the burden of obtaining it. Defendants' Objection now asks the Court to replace these carefully drawn limitations with precisely the broad custodial discovery Defendants previously sought – and Special Master Stengel already expressly rejected.

## III. DEFENDANTS' OBJECTION SEEKS TO DRASTICALLY EXPAND THE CUSTODIAL DISCOVERY RECOMMENDED BY THE SPECIAL MASTER

Defendants seek to expand that one-custodian limitation – which already amounts to more than 100 custodians across the Hospital DAP group – to at least two custodians per Hospital DAP, thereby doubling the custodial collection, or potentially as many custodians as Defendants deem

necessary across the more-than-decade-long conspiracy period. That is not a narrow objection. It would materially expand the custodial discovery the Special Master specifically rejected.

Defendants' assertion that a "one key custodian" may not possess documents for the entire relevant time period provides no basis for expanding the search. Special Master Stengel was plainly aware that a key custodian is ordinarily selected precisely because that individual is expected to possess responsive information.

The cases Defendants cite do not support the expansive custodial discovery they continue to seek. Those cases concerns the ordinary process for identifying custodians during a meet and confer process between the parties to identify relevant custodians on the core subject matters of a case.[3] Defendants' Objection presents a fundamentally different circumstance: Special Master Stengel already determined that the communications sought in both the "Distribution Purchase Agreements" requests and the "Formal Requests for Proposals and Responses" requests have limited relevance and, in light of that limited relevance, carefully cabined the extent of any custodial collection.

The question, therefore, is not whether a single custodian will have responsive documents spanning the entire relevant time period. The relevant inquiry is whether the Special Master abused his discretion in imposing a reasonable limitation on the custodian search after considering the scope, relevance, and burden of the requested discovery. Defendants do not identify any abuse of discretion; they merely disagree with the limitation the Special Master imposed. Their Objection identifies no error in the Special Master's analysis, much less any basis for disturbing his carefully

---

[3] *Id.* at 2-3 (*citing BCBSM, Inc. v. Walgreen Co.*, No. 20 C 1853, 2025 WL 3140691, at *5 (N.D. Ill. Nov. 10, 2025); *In re Exactech Polyethylene Orthopedic Products Liability Litigation*, 347 F.R.D. 572, 588 (E.D.N.Y. 2024); *In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2018 WL 3586183, at *8 (N.D. Ill. July 26, 2018); *Fed. Trade Comm'n v. Uber Techs., Inc.*, 351 F.R.D. 150, 153 (N.D. Cal. 2026).

considered limitation. Instead, Defendants simply seek the broader custodial discovery the Special Master considered and rejected. Their Objection should therefore be overruled.

## IV. CONCLUSION

For the foregoing reasons, the Court should overrule Defendants' Objection and adopt Special Master Stengel's Report and Recommendation and proposed order as issued.

Dated: September 24, 2026

Respectfully submitted,

By: *s/Cindy Reichline*

Cindy Reichline
Keith Butler
Shira Liu
Fiona Tang
Taylor Keating
Ryan Roth
**BRS LLP**
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Tel: (310) 295-9524
creichline@brsllp.com
kbutler@brsllp.com
sliu@brsllp.com
ftang@ brsllp.com
tkeating@brsllp.com
rroth@ brsllp.com

*Counsel for Hospital and Pharmacy Direct Action Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, I caused the foregoing Hospital Direct Action Plaintiffs' Response to Defendants' Objection to Special Master Stengel's Report and Recommendation Resolving Defendants' Second Motion to Compel Hospitals to be filed electronically with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel who have registered for receipt of documents filed in this matter.

Dated: September 24, 2026

Respectfully submitted,

By: *s/Cindy Reichline*
Cindy Reichline
Keith Butler
Shira Liu
Fiona Tang
Taylor Keating
Ryan Roth
**BRS LLP**
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
Tel: (310) 295-9524
creichline@brsllp.com
kbutler@brsllp.com
sliu@brsllp.com
ftang@ brsllp.com
tkeating@brsllp.com
rroth@ brsllp.com

*Counsel for Hospital Direct Action Plaintiffs*